UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TRAVIS FEEBACK,<br>    Plaintiff,<br><br>    v.<br><br>RYAN NELSON and<br>MARY NOLAN,<br>    Defendants. | )<br>)<br>)<br>) Case No. 1:25-cv-1055-SEM-DJQ<br>)<br>)<br>)<br>) |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Travis Feeback, who is incarcerated at the Federal Correctional Institution in Pekin, Illinois, has filed a Complaint (Doc. 1) that is now before the Court for screening. For the following reasons, Plaintiff's Complaint must be dismissed.

### I. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the

Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff submitted a claim for $174.20 in lost property to the Federal Bureau of Prisons. He alleges that the claim was "denied frivolously" by Defendants on March 1, 2024.

Plaintiff also alleges that the denial letter issued by Defendants violated his Seventh Amendment right to trial by jury because the letter included the following notice: "You cannot file suit in an appropriate U.S. District Court, as there is no judicial review for claims decided pursuant to 31 U.S.C. § 3723."

## III. Analysis

Plaintiff alleges that he is entitled to bring this claim for $174.20 under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.* However, while federal inmates can proceed under the FTCA for certain causes of action, they cannot bring suit under the

FTCA for a deprivation of personal property by prison officials. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 227-28, n.7 (2008) (§ 2680(c) of the FTCA forecloses lawsuits against the United States for unlawful detention of personal property). Therefore, Plaintiff may not proceed with any claims under the FTCA.

Plaintiff has also alleged a possible constitutional violation by Defendants. *Bivens* authorizes the filing of certain constitutional tort suits against federal officials, in much the same way that 42 U.S.C. § 1983 authorizes such constitutional suits against state officials. *King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005), *citing Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

A due process claim arises where property is taken without receiving the process due under the Constitution. *Armato v. Grounds*, 766 F.3d 713, 721-22 (7th Cir. 2014). However, "a claim for relief premised on due process violations where the prisoner had alternative remedies is [ ] not recognized by the Seventh Circuit in a *Bivens* action." *Kammeyer v. True*, 2019 WL 2616193 at * 4 (S.D. Ill. June 26, 2019), *citing Goree v. Serio*, 735 Fed. App'x 894, 895 (7th Cir. 2018). Federal courts regularly recognize that alternative

processes do exist for personal property claims brought by federal prisoners like Plaintiff: namely, the prison administrative grievance system and the filing of claims under 31 U.S.C. § 3723. *See Louis-El v. Ebbert*, 448 F.Supp.3d 428, 440 (M.D. Penn. Mar. 24, 2020); *Railey v. Ebbert*, 407 F.Supp.3d 510 (M.D. Penn. Sep. 26, 2019). Just because a plaintiff is ultimately unsuccessful in obtaining relief via those processes do not render them unavailable. *Louis-El*, 448 F.Supp.3d at 440.

In addition, Plaintiff cannot pursue a Seventh Amendment claim against Defendants due to their letter notifying him that he could not file suit under 31 U.S.C. § 3723. Defendants' statement did not violate the Constitution where it accurately communicated that "Section 3723 ... provides no mechanism for judicial review of the agency head's decision not to settle a claim." *Moler v. Potter*, 2020 WL 2476758, at *3 (E.D. Ky. May 13, 2020), *citing* 31 U.S.C. § 3721(k), *affirmed* 2020 WL 9886297 (6th Cir. Dec. 30, 2020).

Finding that Plaintiff cannot present a valid claim about his property under *Bivens* or the FTCA, this lawsuit is subject to dismissal for failure to state a claim. Dismissal is without

prejudice. Therefore, as a pro se litigant, Plaintiff will be afforded an opportunity to amend his complaint.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED without prejudice.**

2) **Plaintiff may file an amended complaint within 30 days. If Plaintiff does not file an amended complaint by that deadline, or the amended complaint fails to state a claim, this case will be dismissed.**

3) **Plaintiff's Motion for Status of Case [5] is MOOT.**

ENTERED June 6, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE