UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **TRAVIS RAY FEEBACK,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01055-SEM |
| ) | |
| **RYAN NELSON** *et al*, ) | |
|     Defendants. ) | |

### ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Travis Feeback, who is incarcerated at Federal Correctional Institution Pekin ("FCI Pekin"), has filed an Amended Complaint (Doc. 8) that is before the Court for screening.

For the following reasons, the Court dismisses Plaintiff's amended pleading for failure to state a claim for relief. Because any further amendments would be futile, the Court dismisses Plaintiff's case without prejudice.

### I. SCREENING STANDARD

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or

the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in her favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS ALLEGED

Plaintiff asserts that "Defendants are counsel for [the] Regional Director, Federal Bureau of Prisons [("BOP")] located in Kansas City, [Kansas] with direct responsibility for accepting and investigating claims under the Small Claims Act … and BOP employees at FCI Pekin." (Pl. Compl., Doc. 1 at 2.)

Specifically, Plaintiff names the following individuals as Defendants: FCI Pekin Correctional Officers Andrade and Larengo; BOP Investigators Ryan Nelson and Mary A. Noland; and unknown Special Housing Unit ("SHU") Property Room Officers.

Consistent with Plaintiff's initial pleading, the crux of his complaint is his desire to be reimbursed $174.20 for the loss of his property and to award any costs Plaintiff incurs in bringing his lawsuit.

Plaintiff explains that on April 4, 2023, he was transferred to the SHU. At that time, Plaintiff's property was inventoried, placed in a clear bag, and stored in FCI Pekin's property room. Upon Plaintiff's release from the SHU four months later, he received his property bag, which did not include his athletic shoes. Plaintiff told Defendant Andrade, who responded that if Plaintiff wanted to leave the SHU, he had to sign for his property bag. Plaintiff never recovered his missing property. (Pl. Amend. Compl., Doc. 8:6-11.)

In August 2023, Plaintiff initiated a small claims action, which was denied on March 1, 2024. (*Id.* at 3:12-14.) Thereafter, Plaintiff mailed a letter to the Bureau of Prisons, requesting an investigation into the loss of his property. Plaintiff recalls separate conversations with Defendants Andrade and Larengo, informing them that he believed his athletic shoes had been stolen. (*Id.* at 3:15; 4:17.)

Based on the denial of Plaintiff's small claims action, he "assumes" that "Defendants" did not investigate as he had requested. (*Id.* at 4:18.)

### III. ANALYSIS

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the United States Supreme Court held that a victim could seek damages in federal court for constitutional violations committed by federal officers. 403 U.S. 388, 389 (1971); *see also Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) ("Bivens … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

However, in *Ziglar v. Abbasi*, the United States Supreme Court explained that it applied Bivens in only three implied causes of action: (1) Fourth Amendment unreasonable searches and seizures, (2) Fifth Amendment due process gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 582 U.S. 120, 131 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has since "made clear that expanding

the Bivens remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend for decades. *Ziglar*, 582 U.S. at 135 (collecting cases where the Supreme Court has declined to extend Bivens to any new context or category of federal defendants). Specifically, the Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees, rather than a legislated remedy such as 42 U.S.C. § 1983, a federal court should not expand the application of Bivens unless exceptional circumstances exist. *Id.* at 137.

As noted, Plaintiff names Defendants Andrade, Larengo, and unknown SHU property room officers at FCI Pekin. However, the facts Plaintiff alleges against Andrade and Larengo are that Plaintiff spoke to them and conveyed his opinion that his property had been stolen. Plaintiff does not provide any facts demonstrating that Andrade, Larengo, or any John Doe officers assigned to the SHU property room denied him his constitutional rights under any of the specific violations noted in *Ziglar*. To the extent Plaintiff is alleging a due process claim against Andrade, Larengo, or the John Doe officers for the loss of his property, Plaintiff fails to state a claim for the reasons noted in the Court's screening of Plaintiff's initial

pleading. *See Kammeyer v. True*, 2019 WL 2616193 at * 4 (S.D. Ill. June 26, 2019) ("[A] claim for relief premised on due process violations where the prisoner had alternative remedies is … not recognized by the Seventh Circuit in a *Bivens* action.") (citing *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018)).

Similarly, as to Defendants Nelson and Noland, who Plaintiff states are attorneys employed at the BOP's North Central Regional Office, located in Kansas City, Kansas, Plaintiff fails to state a claim because he cannot show Nelson's and Noland's personal involvement in the alleged deprivation of his personal property. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

Plaintiff's facts establish that Nelson and Noland processed Plaintiff's request for an investigation into the loss of his property, which does not state a constitutional violation. *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989) (holding that the Constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be

necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")).

Consequently, the Court dismisses Plaintiff's complaint. Although the Court could allow Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Accordingly, the Court dismisses Plaintiff's case.

Plaintiff requests that, if the Court dismisses his case, he also be released from his filing fee obligation, which this Court has no authority to grant. *See Butler v. Deal*, 794 F. App'x 542, 544 (7th Cir. 2020) ("Courts may allow a plaintiff proceeding in forma pauperis to pay the fee in monthly installments, but they lack the

statutory authority to waive the fee altogether.") (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2014)).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's Amended Complaint (Doc. 8) under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DISMISSES Plaintiff's case and DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED November 6, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE